UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUSAN SCHWARTZ,<br>    Plaintiff<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br>    Defendant | CIVIL ACTION NO.: |

## COMPLAINT

The Plaintiff, SUSAN SCHWARTZ (hereinafter "SCHWARTZ"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA"), and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SCHWARTZ brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SCHWARTZ was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth of Pennsylvania, authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business in the Commonwealth of Massachusetts and can be found in the Commonwealth of Massachusetts.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION
OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND
ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SCHWARTZ by LINA.

6. SCHWARTZ was at all times material an employee of UPMC Health Systems.

7. SCHWARTZ was at all times material a plan participant under the UPMC Health Systems long-term Disability Plan, Group Policy No. LK-0980068 (the "LTD Plan") which is established by UPMC Health Systems and pursuant to which SCHWARTZ is entitled to benefits. A true copy of the LTD Plan has been attached hereto as **Exhibit "A."**

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by UPMC Health Systems, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. LINA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on SCHWARTZ'S claim.

12. Pursuant to the terms and conditions of the LTD Plan, SCHWARTZ is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. As it relates to SCHWARTZ'S claim, the Policy states, in relevant part, as follows:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
>
> *1) unable to perform the
> material duties of his or her Regular Occupation; and
> 2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

> *An Employee classified as a Registered Nurse is Disabled if, solely because of Injury or Sickness, he or she is:*
> *1) unable to perform his or her specialty in the practice of nursing which he or she routinely performs when disability begins, and*
> *2) unable to earn more than 80% of his or her Indexed Covered Earnings.*
>
> *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform the material duties of any gainful occupation for which he or she is reasonably fitted by education, training or experience. Gainful occupation means an occupation that is or can be expected to provide the Employee with an income within 12 months of return to work that exceeds 80% of his or her Indexed Earnings if working or not working.*
>
> *The Insurance Company will require proof of earnings and continued Disability.*

14. Since approximately March 2016 SCHWARTZ has been disabled under the terms of the LTD Plan.

15. Shortly after becoming disabled, SCHWARTZ made a claim to LINA under the LTD Plan for disability benefits, which LINA initially approved.

16. LINA, in a letter dated May 17, 2018, terminated SCHWARTZ'S claim contending SCHWARTZ was no longer totally disabled.

17. LINA paid benefits to SCHWARTZ through May 2018.

18. SCHWARTZ properly appealed LINA's adverse determination.

19. By letter dated April 9, 2019 LINA affirmed its adverse determination and advised SCHWARTZ that she could submit a second voluntary appeal.

20. SCHWARTZ again properly appealed LINA's adverse determination.

21. By letter dated December 23, 2020, LINA upheld its adverse determination and advised SCHWARTZ that she had exhausted all administrative levels of appeal and no further appeals will be considered. LINA also advised that SCHWARTZ had the right to bring legal action.

22. At all relevant times, SCHWARTZ complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

23. At all relevant times, SCHWARTZ has been unable to perform the material duties of her regular occupation.

24. At all relevant times, SCHWARTZ has been unable to perform the material duties

of any gainful occupation for which she is, or may reasonably become, qualified for based on education, training, or experience.

25. At all relevant times, SCHWARTZ has been receiving appropriate care.
26. At all relevant times, SCHWARTZ was a Covered Person under the LTD Plan.
27. From May 2018 to the present date, SCHWARTZ has not received benefits owed to her under the LTD Plan, despite SCHWARTZ'S right to these benefits.
28. LINA has refused to pay SCHWARTZ'S LTD benefits since May 2018.
29. At all relevant times, LINA was the payer of benefits.
30. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.
31. At all relevant times, LINA was appointed by UPMC Health Systems, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.
32. At all relevant times, SCHWARTZ has been and remains "Disabled" as defined by the LTD Plan and entitled to LTD benefits from LINA under the terms of the LTD Plan.
33. SCHWARTZ has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.
34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).
35. Pursuant to 29 U.S.C. §1132(a)(1)(B), WILLS, as an eligible participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.
36. SCHWARTZ has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her disability benefits.
37. SCHWARTZ has exhausted all administrative remedies under the LTD Plan.
38. LINA breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to SCHWARTZ at a time when LINA knew, or should have known, that SCHWARTZ was entitled to those benefits under the terms of the LTD Plan, as SCHWARTZ was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of SCHWARTZ'S claim for LTD benefits;

(c) After SCHWARTZ'S claim was terminated in whole or in part, LINA failed to adequately describe to SCHWARTZ any additional material or information necessary for SCHWARTZ to perfect her claim along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of SCHWARTZ'S disability claim and failed to provide a full and fair review of SCHWARTZ'S claim.

39. SCHWARTZ believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which SCHWARTZ is presently unaware, but which may be discovered in this future litigation and which SCHWARTZ will immediately make LINA aware of once said acts or omissions are discovered by SCHWARTZ.

40. Following the termination of benefits under the LTD Plan, SCHWARTZ exhausted all administrative remedies required under ERISA, and SCHWARTZ has performed all duties and obligations on her part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of LINA, SCHWARTZ has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding SCHWARTZ'S claim for benefits, SCHWARTZ, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SCHWARTZ is entitled to have such fees and costs paid by LINA.

43. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, SCHWARTZ is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, SUSAN SCHWARTZ prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA;

   and

6. Such other and further relief as this Court deems just and proper.

DATED: March 29, 2021

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

*S/ Jay P. Symonds*

JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com
GREGORY MICHAEL DELL
BBO No: 677565
Email: gdell@diattorney.com